UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00152-GNS-HBB

TAMMY A. GARRISON                                                              PLAINTIFF

and

XEROX RECOVERY SERVICES                                          INTERVENING PLAINTIFF

v.

SAM'S EAST, INC.                                                                DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Objection to the Magistrate Judge's Memorandum, Opinion, & Order Granting in Part Defendant's Motion to Strike (DN 40). For the reasons discussed below, the objection is **OVERRULED**.

### I.      BACKGROUND

#### A.      Factual Background

Plaintiff Tammy Garrison ("Plaintiff") asserts claims for personal injury in this action arising from her slip and fall on an unknown liquid substance at the Sam's Club ("Sam's") in Bowling Green, Kentucky. (Notice Removal Ex. 1, ¶¶ 3, 5-7, DN 1-1 [hereinafter Compl.]). Plaintiff filed suit in the Warren Circuit Court relating to her injuries, and Sam's removed the action to federal court pursuant to 28 U.S.C. §§ 1332, 1446. (Compl.; Notice Removal ¶¶ 9-10, DN 1).

On December 6, 2016, the first scheduling order was entered in this case and established June 30, 2017, as the deadline for Plaintiff's disclosure of expert witnesses. (Scheduling Order, DN 13). The scheduling order was subsequently amended twice by agreement of the parties, with the latest deadline for Plaintiff's expert identification set for November 30, 2017. (Agreed Am. Scheduling Order, DN 18). On the day of the disclosure deadline, Plaintiff filed an expert witness disclosure, and Sam's advised by letter on December 15, 2017 that it believed the disclosure was deficient under Fed. R. Civ. P. 26(a)(2)(C) and requested that Plaintiff supplement her disclosure. (Expert Witness Disclosure, DN 22; Mot. Strike Expert Witness Disclosure Ex. 1, DN 28-2). Plaintiff's counsel did not respond.

On April 20, 2018, Sam's moved to strike Plaintiff's expert witness disclosure after she failed to supplement it. (Def.'s Mot. Strike Expert Witness Disclosure, DN 28). In its motion, Sam's argued that Plaintiff's disclosure failed to state the subject matter on which the witnesses were expected to testify and failed to provide a summary of the facts and opinions to which the experts were expected to testify, as required by Fed. R. Civ. P. 26(a)(2)(C). (Def.'s Mem. Supp. Mot. Strike Expert Witness Disclosure 4-5, DN 28-1). Sam's further argued that exclusion of the witnesses was appropriate under Fed. R. Civ. P. 37(c). (Def.'s Mem. Supp. Mot. Strike Expert Witness Disclosure 5).

After reviewing Plaintiff's expert witness disclosure as well as both parties' memoranda, the Magistrate Judge entered an order granting in part and denying in part Sam's motion to strike. (Mem. Op. & Order 8, DN 38). The Magistrate Judge imposed sanctions against Plaintiff pursuant to Fed. R. Civ. P. 37(c)(1) for failing to comply with Fed. R. Civ. P. 26(a)(2)(C) and ordered that the witnesses identified by Plaintiff in her expert witness disclosure were precluded from offering any testimony or opinion as an expert witness under Fed. R. Civ. P. 26(a)(2)(C). (Mem. Op. &

Order 8). The Magistrate Judge, however, ordered that the witnesses were permitted to testify as fact witnesses under Fed. R. Civ. P. 26(a)(1). (Mem. Op. & Order 8). Plaintiff has objected to that ruling on the basis that the Magistrate Judge's conclusions were clearly erroneous and contrary to law. (Pl.'s Obj., DN 40).

## II. JURISDICTION

The Court has jurisdiction over Plaintiff's claims based on 28 U.S.C. §§ 1332, 1446. There is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. (Notice Removal ¶¶ 8-9, DN 1).

## III. STANDARD OF REVIEW

Fed. R. Civ. P. 72(a) provides that the district court judge must consider objections to a magistrate judge's order on a non-dispositive matter and must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." A "magistrate judge's factual findings are reviewed under the clearly erroneous standard." *Scott-Warren v. Liberty Life Assurance Co. of Boston*, No. 3:14-CV-00738-CRS-CHL, 2016 WL 5661774, at *3 (W.D. Ky. Sept. 29, 2016) (citation omitted). "A factual finding is clearly erroneous when 'the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Id.* (citation omitted). This "standard only requires the reviewing court to determine if there is any evidence to support the magistrate judge's finding and that the finding was reasonable." *Id.* (citation omitted). Alternatively, a "magistrate judge's legal conclusions are subject to the plenary 'contrary to law' standard." *Id.* (citation omitted). "A legal conclusion is contrary to law when it contradicts or ignores applicable legal principles found in the Constitution, statutes, and case precedent." *Id.* (citations omitted).

## IV.     DISCUSSION

Plaintiff contends that the Magistrate Judge made several errors in deciding to grant part of Defendant's motion to strike Plaintiff's expert witness disclosure.

### A.     Compliance with Fed. R. Civ. P. 26(a)(2)

A party seeking to present expert testimony at trial must satisfy its duty to disclose in compliance with Fed. R. Civ. P. 26(a)(2). Rule 26(a)(2) divides experts into two categories with distinct disclosure requirements. In this matter, the expert witnesses at issue were Plaintiff's medical providers that were identified as "unretained, mixed fact and expert witnesses." (Expert Witness Disclosure 1, DN 22). When a party intends to solicit testimony from a treating physician that goes beyond the facts of diagnosis and treatment, and into areas such as causation, future treatment or impairment, the anticipated opinion testimony is subject to Rule 26(a)(2). *See Selby v. Kmart Corp.*, No. 1:17-CV-00042-GNS, 2017 U.S. Dist. LEXIS 203774, at *12 (W.D. Ky. Dec. 12, 2017) ("[A]lthough treating physicians are permitted to testify solely within the scope of their own diagnosis and treatment, compliance with Rule 26(a)(2) is required to the extent those physicians attempt to render expert opinions concerning causation or otherwise in anticipation of litigation." (citation omitted)).

Plaintiff's "mixed fact and expert witnesses" fall within Fed. R. Civ. P. 26(a)(2)(C), which requires a disclosure of the subject matter on which the witness is expected to present expert testimony and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C)(ii). The Advisory Committee Notes from the rule's 2010 amendments include the following regarding the requirements of Rule 26(a)(2)(C):

> This disclosure is considerably less extensive than the report required by Rule 26(a)(2)(B). Courts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have.

In Plaintiff's Objection, she contends that the Magistrate Judge erred in determining that there was a failure to comply with the disclosure requirements under Fed. R. Civ. P. 26(a)(2)(C)(i) and (ii). (Pl.'s Obj. ¶ 1). Furthermore, Plaintiff asserts that if in fact there was a failure to comply with Rule 26(a)(2)(C), the Magistrate Judge erred in determining that the failure was not substantially justified and/or harmless. (Pl.'s Obj. ¶ 2). Lastly, Plaintiff states in her objections that the Order wrongly concluded that "topics such as causation, continued pain and suffering, the permanent nature of any impairments and the impact of the injuries on the ability to labor and earn money" are expert opinions subject to the disclosure requirements of Fed. R. Civ. P. 26(a)(2)(C) when offered by a treating physician. (Pl.'s Obj. ¶ 6).

Plaintiff's arguments are unpersuasive. Beyond simply asserting that the Magistrate Judge erred in his conclusions, Plaintiff provides no arguments, facts, or case-law to support her objections. The Magistrate Judge's decision, however, provides rational analysis, backed by applicable case-law that supports the determination that Plaintiff failed to comply with Fed. R. Civ. P. 26(a)(2)(C) by failing to disclose those witnesses' opinions on medical issues outside their own course of treatment, and that Plaintiff's failure was not justified and/or harmless. After reviewing Plaintiff's witness disclosure, the Magistrate Judge determined that Plaintiff made no effort to "provide a summary of the facts and opinions to which the witnesses are expected to testify," which fails to satisfy the requirements of Fed. R. Civ. P. 26(a)(2)(C). (Mem. Op. & Order 4). Far from "requiring undue detail," the Plaintiff has failed to provide any meaningful detail regarding the intended testimony of these witnesses and has thus failed to comply with Rule 26(a)(2)(C)'s requirements. This Court finds that the Magistrate Judge's Order is entirely correct, and therefore contains no clear error and is not contrary to law. Therefore, Plaintiff's Objection is overruled.

### B. Sanctions Pursuant to Fed. R. Civ. P. 37(c)(1)

"Federal Rule of Civil Procedure 37(c)(1) requires absolute compliance with Rule 26(a), that is, it 'mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or substantially justified.'" *Roberts v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (quoting *Vance v. United States*, No. 98-5488, 1999 U.S. App. LEXIS 14943, at *3 (6th Cir. June 25, 1999)). Fed. R. Civ. P. 37(c)(1) provides that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Fed. R. Civ. P. 37 permits a court to impose a variety of sanctions for discovery violations and the court has discretion regarding which sanction permitted under that rule it believes is appropriate in a particular case. *See Adkins v. Shelter Mut. Ins. Co.*, No. 5:12-CV-173-KKC-REW, 2014 WL 12648463, at *2 (E.D. Ky. Dec. 15, 2014).

Plaintiff asserts that instead of precluding her from offering expert testimony from her medical providers pursuant to Rule 37(c)(1), the Magistrate Judge should have considered the alternative sanctions under Fed. R. Civ. P. 37(c)(1)(A)-(C). (Pl.'s Obj. ¶¶ 3, 5). Additionally, Plaintiff contends that the Magistrate Judge erred by determining that preclusion of Plaintiff's treating medical providers from offering expert testimony was a mandatory sanction under Fed. R. Civ. P. 37(c)(1). (Pl.'s Obj. ¶ 4).

Again, Plaintiff's arguments are rejected. The Magistrate Judge's decision correctly determined that Plaintiff's failure to provide Sam's with the appropriate information required by Fed. R. Civ. P. 26(a)(2)(C) was not substantially justified and/or harmless, and therefore, sanctions pursuant to Fed. R. Civ. P. 37(c)(1) were mandatory. The Magistrate Judge's determination that

sanctions pursuant to Fed. R. Civ. P. 37(c)(1) were mandatory is supported by Sixth Circuit precedent. Furthermore, a magistrate judge has discretion to impose the sanctions they deem appropriate pursuant to Fed. R. Civ. P. 37(c)(1). Thus, the Magistrate Judge in this matter did not error in ruling that Plaintiff's medical providers could not testify as expert witnesses instead of imposing an alternative sanction under Fed. R. Civ. P. 37(c)(1)(A)-(C). The Rule 37(c)(1) sanction imposed by the Magistrate Judge was not erroneous or contrary to law, therefore, Plaintiff's Objection is overruled.

### C. Joint Telephonic Conference

Plaintiff asserts that the Magistrate Judge erred by not addressing Sam's failure to avail itself of the "joint telephonic conference" incorporated in the Scheduling Order. (Pl.'s Obj. ¶ 7). Plaintiff, however, provides no explanation or case-law regarding why the Magistrate Judge's omission of any discussion of Sam's failure to avail itself of the joint telephonic conference warrants relief from that decision. Consequently, Plaintiff's Objection is overruled on this basis.

### V. CONCLUSION

For the reasons discussed above, Plaintiff's Objection to the Magistrate Judge's Memorandum Opinion & Order Granting Defendant's Motion to Strike (DN 40) is **OVERRULED**.

**Greg N. Stivers, Judge**
**United States District Court**
September 12, 2018

cc: counsel of record