# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION
# CIVIL ACTION NO. 1:16-CV-00152-GNS

TAMMY A. GARRISON                                                          PLAINTIFF

AND

XEROX RECOVERY SERVICES                          INTERVENING PLAINTIFF

VS.

SAM'S EAST, INC.                                                      DEFENDANT

## MEMORANDUM, OPINION, AND ORDER

Before the Court is the motion of Plaintiff Tammy A. Garrison, DN 48, for amendment of the scheduling order. Intervening Plaintiff Xerox Recovery Services has joined in Garrison's motion without additional argument at DN 50. Defendant Sam's East, Inc. has responded in opposition at DN 51. Garrison has not filed a reply.

### Nature of the Case and Procedural History

On July 27, 2015 Garrison fell while shopping at Defendant Sam's merchandise membership club. She claims that she slipped in an unknown liquid and sustained physical injuries (DN 1-1). Garrison initiated this lawsuit in state court on July 22, 2016, and Sam's removed the action to federal court on September 20, 2016. The first scheduling order was entered on December 6, 2016. The scheduling order was thereafter amended by agreement of the parties to extend the fact discovery deadline to September 29, 2017 (DN 18). The parties subsequently amended the scheduling order by agreement to extend the deadline for identification of Garrison's

expert witnesses to November 30, 2017 and completion of expert witness discovery depositions by April 2, 2018 (DN 20). A third agreed amendment to the scheduling order extended Sam's expert identification deadline to February 22, 2018 and completion of expert witness discovery to April 23, 2018 (DN 24).

Garrison filed her expert witness disclosure on November 30, 2017, the deadline for doing so. Sam's filed a motion to strike the expert witness designation and preclude the witnesses from testifying (DN 38). The undersigned granted the motion in part and denied the motion in part (DN 38), ruling that Garrison had failed to comply with Fed. R. Civ. P. 26(a)(2)(C)(ii) in her expert witness disclosure and exclusion of those witnesses' testimony as experts was appropriate under Rule 37. The ruling provided, however, that the treating healthcare providers could still offer testimony as fact witnesses as to Garrison's care and treatment.

On May 18, 2018 Garrison's counsel filed a motion to withdraw, stating that his client had advised him that she wished to terminate his representation (DN 36). After entry of the order granting Sam's motion to strike Garrison's expert witnesses, Garrison's attorney filed an objection under Fed. R. Civ. P. 72(a) (DN 40).[1] The parties filed a joint motion to extend the still-pending deadlines for <u>Daubert</u> and dispositive motion submission (DN 35) and the undersigned granted the motion and extended the deadlines to July 30, 2018 (DN 41). The undersigned also granted the motion of Garrison's counsel to withdraw and gave her a month, to July 2, 2018, in which to retain replacement counsel or advise the court she wished to proceed *pro se* (<u>Id.</u>).

On June 27, 2018 Garrison filed a request for further extension of time to retain replacement counsel (DN 43). The undersigned granted the request and extended the deadline to August 1, 2018 and remanded the deadlines for filing <u>Daubert</u> and dispositive motions (DN 46).

---

[1] District Judge Greg N. Stivers overruled the objection (DN 52).

Garrison's current counsel made a timely entry of appearance on July 18, 2018. On August 6, 2018 Garrison, through her new counsel, filed the subject motion to reopen discovery and establish new deadlines for identification of expert witnesses (DN 48).

### Garrison's Motion

Garrison asks that new deadlines be established so that she may re-open discovery and identify expert witnesses. She explains that it was not until she participated in a settlement conference with the court on May 11, 2018 that she learned that the time for taking discovery had expired and her former counsel had not taken any discovery depositions. She also learned that there was a pending motion related to exclusion of her expert witnesses (DN 48, p. 2). She terminated prior counsel's representation because she was dissatisfied with his performance. She notes that she now has new counsel who is "ready and willing to diligently pursue Plaintiff's claims on her behalf" (Id.). She notes that no trial date is set in the case and believes defendant will not be prejudiced by the scheduling revision.

### Sam's Response

Sam's notes that Garrison's motion comes almost two years since she initially filed the action and that it has incurred significant cost and attorney fees in defending up to this point, including responding to Garrison's written discovery requests, taking her deposition, retaining an expert medical witness who conducted a records review and an independent medical examination, preparing for both a settlement conference which Garrison cancelled two days in advance and a subsequent conference before the undersigned, as well as preparing various motions in the case. Sam's contends the only justification Garrison offers for why she should be permitted to amend the schedule is that her prior counsel failed to conduct the discovery she now wishes to take through replacement counsel.

Sam's contends that Garrison has failed to demonstrate good cause justifying amendment of the scheduling order as required by Rule 16(b)(4). Sam's also argues that amendment of the scheduling order will act to its prejudice, as it has worked diligently to meet the prior deadlines and amendment at this late date will only serve to reward Garrison's dilatory prosecution of the case.

Discussion

Fed. R. Civ. P. 16(b)(4) provides that a schedule "may be modified only for good cause and with the judge's consent." "'The primary measure of [Civil] Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements,' though courts may also consider prejudice to the nonmoving party." Smith v. Holston Med. Grp., P.C., 595 F. App'x 474, 478 (6th Cir. 2014) (*quoting* Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002)). The Court must first find that the moving party proceeded diligently before considering whether the nonmoving party is prejudiced, and only then to ascertain if there are any additional reasons to deny the motion. Id. at 479. The "good cause" standard "primarily considers the diligence of the party seeking the amendment. In other words, in order to demonstrate 'good cause' a party must show that despite their diligence the time table could not reasonably have been met." Woodcock v. Kentucky Dept. of Corr., No. 5:12-CV-00135-GNS-LLK, 2016 U.S. Dist. LEXIS 87241, 2016 WL 3676768, at *2 (W.D. Ky. July 6, 2016) (*quoting* Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995)).

Garrison does not argue that her prior counsel was unable to meet the case management order's requirements. She only contends that he failed to prosecute the case diligently and desires that replacement counsel be afforded an opportunity to rectify his lack of diligence.

"It must be admitted that in the preparation and trial of a law suit the attorney acts as the agent of his client and that the client is bound by the acts of his attorney in the course of that litigation." Lisanby v. Illinois C. R. Co., 272 S.W. 753, 754 (Ky. 1925). Carelessness or attorney error is insufficient to constitute good cause under Rule 16(b), even when a party was not informed of her attorney's actions. Banks v. City of Philadelphia, No. 14-82, 309 F.R.D. 287, 290-91 (E.D. Penn. Aug. 14, 2015). "The case law is clear, however, that after the party's lack of diligence has otherwise been established, new counsel's entry into a case does not serve as a magic wand that enables the party to conjure up a showing of good cause." Glaxosmithkline, LLC v. Glenmark Pharmaceuticals, Inc., USA, No. 14-877-LPS-CJB, 2016 WL 7319670, at *3 (D. Del. Dec. 15, 2016).

Consequently, Garrison's contention that her prior counsel failed to prosecute the case in a diligent manner does not constitute "good cause" under Rule 16(b)(4) for amendment of the scheduling order.

**WHEREFORE**, Plaintiff Tammy A. Garrison's motion to amend the scheduling order, DN 48, and Intervening Plaintiff Xerox Recovery Services' joinder in the motion, DN 50, are **DENIED**.

Copies:	Counsel