UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00152-GNS-HBB

TAMMY A. GARRISON                                                                                            PLAINTIFF

and

XEROX RECOVERY SERVICES                                            INTERVENING PLAINTIFF

v.

SAM'S EAST, INC.                                                                                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment (DN 56). The motion is ripe for decision. For the reasons provided below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

### I.     BACKGROUND

On July 27, 2015, Plaintiff Tammy A. Garrison ("Plaintiff") was shopping at a store operated by Defendant Sam's East, Inc. ("Defendant") in Bowling Green, Kentucky. While walking down the seafood aisle pushing her shopping cart, Plaintiff slipped on a liquid substance and fell. (Garrison Dep. 159:8-160:20, Feb. 15, 2017, DN 56-2). Plaintiff alleged she suffered several injuries as a result of this fall. (Garrison Dep. 101:1-8). She now seeks damages to compensate for her injuries, associated medical expenses, and pain and suffering. (Compl. ¶ 9, DN 1-1).

On November 30, 2017, Plaintiff's former counsel filed an expert witness designation which identified her treating medical providers but left out further information about anticipated opinion testimony. (Pl.'s Resp. Def.'s Mot. Summ. J. 2, DN 60 [hereinafter Pl.'s Resp.]).

Defendant moved to strike Plaintiff's designated expert witness because she failed to comply with applicable disclosure requirements. (Def.'s Mot. Strike, DN 40). The Magistrate Judge granted the motion, prohibited Plaintiff's expert witnesses from testifying on causation, and imposed sanctions against Plaintiff. (Mem. Op. & Order 6-7, DN 38). On September 12, 2018, this Court overruled Plaintiff's Objections to the Magistrate Judge's decision. (Mem. Op. & Order 7, DN 52).

In its present motion, Defendant now argues that the decision prohibiting Plaintiff's expert witnesses from testifying on the subject of causation doom her claim as a matter of Kentucky tort law. (Def.'s Mem. Supp. Mot. Summ. J. 6, DN 56-1). Plaintiff contends there is sufficient evidence to preclude summary judgment based on her testimony in conjunction with the opinions from Defendant's medical expert witness, Dr. Chad Price ("Dr. Price"). (Pl.'s Resp. 3). Defendant replies that Plaintiff has cherry-picked Dr. Price's opinions to offer evidence directly contradicting his ultimate conclusions on the question of causation. (Def.'s Reply Mot. Summ. J. 3, DN 62).

## II.  JURISDICTION

The Court has jurisdiction over this matter based on diversity jurisdiction. 28 U.S.C. § 1332.

## III.  STANDARD OF REVIEW

In ruling on a motion for summary judgment, the Court must determine whether there is any genuine issue of material fact that would preclude entry of judgment for the moving party as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of stating the basis for the motion and identifying evidence in the record that demonstrates an absence of a genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the moving party satisfies its burden, the non-moving party must then produce specific evidence

proving the existence of a genuine dispute of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

While the Court must view the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted). Rather, the non-moving party must present specific facts proving that a genuine factual dispute exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient" to overcome summary judgment. *Anderson*, 477 U.S. at 252.

## IV.     **DISCUSSION**

It is well established that causation is a "necessary element of proof in any negligence case." *Baylis v. Lourdes Hosp., Inc.*, 805 S.W.2d 122, 124 (Ky. 1991) (citations omitted). "Kentucky law usually requires expert or medical testimony to establish that an incident legally caused a medical injury." *Blair v. GEICO Gen. Ins. Co.*, 917 F. Supp. 2d 647, 657 (E.D. Ky. 2013) (internal quotation marks omitted) (citation omitted). "The necessary expert testimony may be supplied by the defendant's admission during discovery, or through medical evidence obtained from other treating physicians." *Vance By and Through Hammons v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996) (citation omitted). This testimony from the expert "must be that the causation is probable and not merely possible." *Tatham v. Palmer*, 439 S.W.2d 938, 939 (Ky1969). An exception to this rule exists, however, for "situations in which causation is so apparent that laymen with general knowledge would have no difficulty in recognizing it . . . ." *Blair*, 917 F. Supp. 2d

3

at 657 (internal quotation marks omitted) (citation omitted). Therefore, circumstantial evidence may be sufficient to prove causation where the evidence reasonably establishes a causal connection between the alleged negligence and the injury. *Baylis*, 805 S.W.2d at 124 n.3 (quoting *Johnson v. Vaughn*, 370 S.W.2d 591, 597 (Ky. 1963)).

Attempting to satisfy the expert testimony requirement, Plaintiff refers to select portions of Dr. Price's report as supporting the inference that the subject fall caused her injuries, emphasizing those portions she believes supports causation:

> **Clearly the patient sought medical care following her accident. This indicates to me that the fall calls [sic] an initial exacerbation of her already injured joints.** Most exacerbations like this are self-limiting and respond to nonsurgical treatment. However, this patient ended up having multiple surgeries on multiple different joints following this accident. As described, all the findings art [sic] the time of surgery and on MRI following the accident never showed any acute changes, only chronic changes. **Therefore, any exacerbation would've been an exacerbation in pain** not any structural change that specifically caused her to have these surgeries.

(Pl.'s Resp. 5). Plaintiff continues to quote Dr. Price's assessment of her history of medical complications, again highlighting parts to support her claims:

> My opinion is that this patient has multiple degenerative joints as evidenced by her findings at surgery as well as the MRI findings that were done prior to her surgeries. Fortunately, most of her joints have responded to treatment. Given that she has had to have a replacement in her left shoulder, it is a possibility that she will have to have replacements in other joints in the future. This is the natural history of osteoarthritis which is a progressive problem. **The patient states that prior to her fall she did not have these issues. Therefore, we can conclude that her falls [sic] exacerbated her pre-existing degenerative conditions in these four joints.** However, because no acute findings were seen on x-rays or MRI such as fractures or bone contusions, we can conclude that the fall did not exacerbate her condition to the level of requiring surgical treatment. Nor is the future potential need for joint replacement surgery related to any exacerbation from this fall. This patient has the unfortunate condition of osteoarthritis. However, the lack of acute findings following her fall indicates that the fall is not responsible for the treatment that has been rendered or may be necessary in the future. I give these opinions with a reasonable degree of medical certainty as stated above.

(Pl.'s Resp. 6).

4

Plaintiff argues that coupling her testimony with these opinions could lead a jury to "reasonably believe that the fall caused an exacerbation of a preexisting condition that resulted in pain which led her to seek treatment which resulted in the medical care she received." (Pl.'s Resp. 6).

Plaintiff's argument that Dr. Price's report supports causation regarding her medical treatment and lost earnings must be rejected because, read in its entirety, no reasonable juror could find Plaintiff's injuries were caused by her fall. The medical expert's opinions must be that causation is "probable, and not merely possible" for her claim to survive. *Tatham*, 439 S.W.2d at 939. Defendant correctly points out that Plaintiff has selectively quoted from Dr. Price's opinions in such a way that is directly contrary to his ultimate conclusion on the question of causation regarding her treatment. (Def.'s Reply 4-5). Dr. Price specifically stated with respect to Plaintiff's claimed injuries that "[n]one of the above-mentioned complaints were caused by her fall at Sam's Club." (Def.'s Reply Mot. Summ. J. Ex. 1, at 21, DN 62-1). Regarding her lost earning power, Kentucky law requires expert testimony that any injury resulting in lost earnings is permanent. *See Reece v. Nationwide Mut. Ins. Co.*, 217 S.W.3d 226, 230 (Ky. 2007). Without such proof, Plaintiff lacks necessary evidence of causation linking her fall at Defendant's store and the injuries and lost earnings for which she now seeks compensation.

Because Plaintiff has not presented necessary medical proof on causation, the next question is whether the cause of Plaintiff's injuries is so apparent that lay members of a jury could easily determine whether and to what extent the July 27, 2015, accident caused those injuries. *See McFerrin v. Allstate Prop. & Cas. Co.*, 29 F. Supp. 3d 924, 935 (E.D. Ky. 2014). With regard to her claims for lost earnings and medical expenses, Plaintiff's situation is not one where causation is so apparent that expert testimony is unnecessary because of her extensive history of injuries and

5

the nature of her work. The record shows that Plaintiff has had several injuries and multiple surgeries prior to the subject fall on parts of her body allegedly affected by the fall. (Garrison Dep. 89:15-94:12). Nevertheless, Plaintiff lacks the expert testimony of permanent injury required to support a claim for lost earning power and this claim must also be dismissed. *See Reece*, 217 S.W.3d at 230.

The same cannot be said, however, for Plaintiff's claim for pain and suffering. While Dr. Price concludes no acute injuries or structural changes requiring medical treatment were caused by Plaintiff's fall, he also states that the fall could have exacerbated the pain associated with her preexisting conditions. Moreover, whether the fall could result in pain and suffering is not the sort of question requiring expert testimony. Jurors do not need a medical degree to find that falling results in pain, so Plaintiff does not need expert testimony on this particular question. *See Auto-Owners Ins. v. Aspas*, No. 3:16-CV-189-DJH-RSE, 2018 WL 4643190, at *7 (W.D. Ky. Sept. 27, 2018) (citing *May v. Holzknecht*, 320 S.W.3d 123, 128 (Ky. App. 2010)) (noting that expert testimony unnecessary to prove future pain and suffering). Even if she did, Dr. Price's report indicates a connection between the fall and exacerbating pain. Though expert testimony is required to determine whether the fall resulted in structural changes to Plaintiff's body which diminished her earning ability or required surgical treatment, the question of causation regarding Plaintiff's claim for pain and suffering will not be dismissed on summary judgment. *See id*. (dismissing medical expense and future impairment of earning capacity claims for lack of expert testimony but permitting future pain and suffering claim to remain).

In sum, Plaintiff's claims seeking compensation for physical injury and medical expenses are not so clear-cut that causation is apparent to a jury. *See Tatham*, 439 S.W.2d at 939-40 (finding no expert needed on issue of causation where plaintiff was in a car accident resulting in lacerations

to his forehead and afterwards suffered from headaches which had never occurred prior to the accident). Plaintiff's claim for pain and suffering, however, does not require such testimony because a jury could find the causal link between her fall and the pain and suffering she claims. *See Aspas*, 2018 WL 4643190, at *7. Accordingly, Plaintiffs claims for compensation relating to her incurred medical expenses and lost earning power will be dismissed, but her claim for pain and suffering will remain.

## V. CONCLUSION

For the reasons above, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (DN 56) is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** as to Plaintiff's claims for medical bills and impairment of earning power. The motion is **DENIED** as to Plaintiff's claim for pain and suffering.

Greg N. Stivers, Chief Judge
United States District Court

August 2, 2019

cc: counsel of record